**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **STEVEN SANDOE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**BOSTON SCIENTIFIC CORPORATION,** a Massachusetts corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Steven Sandoe ("Sandoe" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Boston Scientific Corporation ("Boston Scientific" or "Defendant") to stop Defendant from violating the Telephone Consumer Protection Act by making unsolicited, prerecorded calls to consumers, including to consumers registered on the National Do Not Call registry, and to otherwise obtain injunctive and monetary relief for all persons injured by Boston Scientific's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**INTRODUCTION**

1. Boston Scientific develops and sells products such as pacemakers, defibrillators, and spinal cord stimulators.[1]

2. In order to market at least one of its products, the Spectra WaveWriter™ spinal cord stimulator, Boston Scientific hosts sales seminars where it promotes its product directly to consumers with whom it has no prior relationship.

---

[1] http://www.bostonscientific.com/en-US/products.html

3. Boston Scientific places prerecorded voice sales calls to these consumers without their consent to "invite" them to its sales seminars.

4. In Plaintiff's case, Boston Scientific made 2 unsolicited, prerecorded voice sales calls to plaintiff despite his having registered his phone number on the National Do Not Call Registry ("DNC") to prevent such calls.

5. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to stop making prerecorded voice sales calls to consumers without their consent and to otherwise stop calling consumers whose phone numbers are registered on the National Do Not Call Registry ("DNC"), as well as an award of statutory damages to the members of the Classes and costs.

**PARTIES**

6. Plaintiff Sandoe is a Weatherford, Texas resident.

7. Defendant Boston Scientific is a Massachusetts corporation headquartered in Marlborough, Massachusetts. Boston Scientific conducts business throughout this District, the State of Massachusetts, and throughout the United States.

**JURISDICTION AND VENUE**

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, does significant business here, and because the wrongful conduct giving rise to this case occurred in and/or was directed from this District.

## COMMON ALLEGATIONS

**Boston Scientific Markets its Products by Placing Prerecorded Calls to Consumers Without Their Consent and Regardless of Whether They Have Registered <u>Their Phone Numbers on the National Do Not Call Registry</u>**

10. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all … prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11. Yet in violation of this rule, Defendant fails to obtain express written consent before making prerecorded voice sales calls to consumers such as Plaintiff.

12. Boston Scientific's prerecorded voice calls direct consumers to its websites marketing its products, such as https://cypevents.com which specifically advertises the Spectra WaveWriter$^{TM}$:



[2, 3, 4]

---

[2] https://www.networksolutions.com/whois/results.jsp?domain=cypevents.com
[3] In 2017, Precision Spectra$^{TM}$ was rebranded as the Spectra WaveWriter$^{TM}$. https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpma/pma.cfm?ID=396671
[4] https://cypevents.com

13. The prerecorded voice sales calls "invite" consumers to attend a seminar, such as a seminar called "Treatment Options for Chronic Pain."[5] The seminars are a direct to consumer sales pitch by Boston Scientific for its products, such as the Spectra WaveWriter™.[6]

14. The sole purpose of the solicitation calls and seminars is for Boston Scientific to promote its products, like the Spectra WaveWriter™, to consumers that Boston Scientific has no previous relationship with.[7,8]

15. These calls are part of an overall marketing and sales strategy to use prerecord voice sales calls and seminars to promote Boston Scientific's products, including the Spectra WaveWriter™, throughout the United States, including in locations such as Michigan, Ohio, Indiana, Alabama, North Carolina and Florida.

**PLAINTIFF'S ALLEGATIONS**

**Boston Scientific Placed Prerecorded Calls to Plaintiff Without His Consent, Despite Plaintiff Having Registered His Phone Number on the DNC**

16. On July 25, 2015, Plaintiff registered his phone number on the National Do Not Call Registry.

17. Notwithstanding, in or around June 2018, Boston Scientific made a prerecorded voice sales call to Plaintiff from phone number (469) 964-6024.[9] Plaintiff answered this call and heard a prerecorded voice message stating:

> *Hello, this is a call on behalf of Dr. Joshua Hay, with Spine Works Institute, your pain*
>
> *management doctor. We wanted to let you know that we are hosting an educational*

---

[5] https://cypevents.com/1682/
[6] https://cypevents.com/
[7] http://mayfieldclinicblog.com/?p=4265
[8] https://mybackmylife.com/dr-kathy-wang-leads-seminars-on-chronic-pain-with-boston-scientific/
[9] When (469) 964-6024 is called, it leads to the voicemail of Jeremy Hopkins, a Boston Scientific manager in Texas. https://www.linkedin.com/in/jlhopkins/

4

*seminar "treatment options for chronic pain" on July 10 to discuss non medication options to manage chronic pain. This free seminar will take place on Tuesday July 10th from 5:30 PM to 7:30 PM at the Holiday Inn Express and Suites VF Western in Hurst located at 820 Thousand Oaks Drive. Again, that's the Holiday Inn Express and Suites VFW West located at 820 Thousand Oaks Drive. Food will be served and family and friends are also welcome to attend. Seating is limited so please call 877-472-4650 to RSVP for this event. You can also find more information online and register online at cypevents.com. Again, that's 877-472-4650 or cypevents.com. Thank you.*

18. On July 6, 2018 at 5:31 pm, Boston Scientific made a second prerecorded voice sales call to Plaintiff from the same phone number using exactly the same prerecorded voice message. No option was provided in either prerecorded message giving Plaintiff the option of opting-out from receiving future solicitation calls.

19. Plaintiff does not have a relationship with Boston Scientific, or any of its affiliated companies, nor has he ever consented to any contact from Defendant.

20. Simply put, Boston Scientific did not obtain Plaintiff's prior express written consent to place any solicitation telephone calls to him using a prerecorded voice message.

21. Defendant's unauthorized telephone calls harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Sandoe's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

22. Seeking redress for these injuries, Sandoe, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded voice calls to landline and cellular phone and numbers, and unsolicited marketing calls to phone numbers registered on the DNC.

5

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims
### Arising From Calls Made by Boston Scientific

23.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or agents acting on behalf of Defendant) called, (2) using a prerecorded voice message, (3) without consent.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for the purpose of selling Defendant's products and services, (5) without prior express written consent.

24.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

25.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

26.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any

6

questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

  (a) whether Defendant utilized a prerecorded voice message when placing calls to Plaintiff and the members of the Prerecorded No Consent Class;

  (b) whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

  (c) whether Defendant placed prerecorded voice message calls to Plaintiff and members of the Classes without first obtaining consent to make the calls;

  (d) whether Defendant's conduct constitutes a violation of the TCPA; and

  (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Classes.

28. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by

Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Sandoe and the Prerecorded No Consent Class)**

29.     Plaintiff repeats and realleges paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

30.     Defendant and/or its agents made unwanted solicitation telephone calls to Plaintiff and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

31.     These prerecorded voice message calls were made *en masse* without the consent of the Plaintiff and the other members of the Prerecorded No Consent Class.

32.     Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A), (B). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages for each violation, and up to $1,500 in damages for each violation in the event that the Court determines that Defendant's conduct was willful and knowing.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Sandoe and the Do Not Call Registry Class)**

33.     Plaintiff repeats and realleges paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

34. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

35. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[10]

36. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

37. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

38. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and members of the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled to receive no less than $500 in

---

[10] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

damages for each violation, and up to $1,500 in damages for each violation in the event that the Court determines that Defendant's conduct was willful and knowing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**STEVEN SANDOE**, individually and on behalf of those similarly situated individuals

Dated: August 26, 2018                By:   /s/ *Jason Campbell*

Jason R. Campbell, Esq.
250 First Avenue, Unit 602
Charlestown, MA 02129
(617) 872-8652
jasonrcampbell@ymail.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*