**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| _____ ) | |
| Steven Sandoe, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | |
|        v. ) | Civil Action No. |
| ) | 18-11826-NMG |
| Boston Scientific Corporation, ) | |
| ) | |
|        Defendant. ) | |
| _____ ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves an alleged violation of the Telephone Consumer Protection Act ("the TCPA"), 28 U.S.C. § 227, by Boston Scientific Corporation ("Boston Scientific" or "defendant") regarding prerecorded voice calls made to more than 200,000 phone numbers between 2014 and 2018. Steven Sandoe ("Sandoe" or "plaintiff"), received two prerecorded calls from Boston Scientific, one each in June and July, 2018.

Pending before the Court is the motion of defendant for summary judgment on plaintiff's individual claims and the motion of plaintiff for the Court to either deny or defer its ruling on defendant's motion for summary judgment pending further discovery.

I.   **Background**

Boston Scientific is a medical device manufacturer and a healthcare company that partners with health care clinics to host educational seminars for clinic patients.  Relevant to this case, Boston Scientific partnered with a number of pain management clinics from 2014 through 2018 to host several "Focus on Diagnosis" seminars (collectively, "the Seminars") to educate clinic patients about treatment options for chronic pain management.

**A. The Seminars**

Boston Scientific provided varying levels of support for each Seminar depending on the needs and requests of the hosting clinic.  Indeed, some clinics chose to host Seminars with minimal or no assistance from Boston Scientific.  When Boston Scientific did assist clinics with hosting a Seminar, its level of support varied with respect to the following items: 1) financial contributions to Seminar costs; 2) invitations to patients of hosting clinics; 3) rental of space for the Seminar; 4) creation of presentation slide decks for physician presenters; and 5) advertisements for the Seminar.

A representative from Boston Scientific was typically present at each Seminar but a physician from the host clinic would present his or her own educational content.  Boston

- 2 -

Scientific encouraged presenting physicians to discuss treatment options for chronic pain, including products sold by Boston Scientific and various other medical device manufacturers. Boston Scientific did not, however, sell its products at the Seminars.

### B. The Invitation Calls

Boston Scientific offered to make invitation calls for the Seminars on behalf of partner clinics from late 2014 through late 2018. It partnered with two vendors to transmit prerecorded voice messages inviting clinic patients to the Seminars. Boston Scientific was involved in providing guidance as to which patients the clinics should invite, for example, it encouraged clinics to invite only their active patients. The ultimate list of invitees was, however, created by the clinic physicians. Boston Scientific did not verify that the prerecorded messages were, in fact, transmitted to the patients the partner clinic intended to reach.

The prerecorded messages were recorded by either a clinic physician, a clinic worker or a Boston Scientific representative. The callback number was typically the number of the partner clinic rather than Boston Scientific.

### C. The Calls to the Plaintiff

Mr. Sandoe received two prerecorded messages, one each in June and July, 2018, at his cell phone number. The calls were intended for S.B., a patient of Spine Works Institute ("Spine Works"). Spine Works partnered with Boston Scientific to host a Seminar in July, 2018, and intended to contact and invite Spine Works patient S.B. who had provided her number to that clinic at the time she filled out initial intake forms. She indicated her consent to be contacted by Spine Works at her number.

The telephone number S.B. provided to Spine Works was, at the time of Boston Scientific's calls, assigned to R.B., presumably a spouse or family member of S.B. because they shared an address and the same last name. In May, 2017, that number was reassigned to Mr. Sandoe's cell phone.

Plaintiff received the following prerecorded message from Boston Scientific's vendor on June 28, 2018:

> Hello, this is a call on behalf of Dr. Joshua Hay with Spine Works Institute, your pain management doctor. We wanted to let you know that we are hosting an educational seminar, "Treatment Options for Chronic Pain" on July 10, to discuss non-medication options to manage your chronic pain. This free seminar will take place on Tuesday, July 10th, from 5:30 PM to 7:30 PM at the Holiday Inn Express and Suites DF West in Hurst, located at 820 Thousand Oaks Drive. Again, that's the Holiday Inn Express and Suites, DFW West located at 820 Thousand Oaks Drive. Food will be served and family and friends are also welcome to attend. If you would like to attend the educational

seminar, please press one. If you are not interested
in attending, please press two. If you would like to
be notified of future events, please press three. You
can also find more information and register online at
cypevents.com. Again, that's cypevents.com.

Plaintiff received a second prerecorded message from Boston

Scientific's vendor on July 6, 2018, which reiterated the

information in the first message and added:

Seating is limited so please call 877-472-4650 to RSVP
for this event. You can also find more information
online and register online at cypevents.com. Again,
that's 877-472-4650 or cypevents.com. Thank you.

At his deposition, Mr. Sandoe testified that after the

first call and before the second call, he called Spine Works,

spoke with someone at the clinic and requested that the clinic

stop calling him.  Plaintiff's phone records do not, however,

show any outbound calls to Spine Works.

### D. The National Do-Not-Call Registry

The number that Boston Scientific called on June 28, 2018,

and again on July 6, 2018, was registered on the National Do-

Not-Call Registry on July 25, 2015, just two days after R.B.

obtained the number on July 23, 2015.  After being reassigned

the number in May, 2017, plaintiff was unaware that his number

was registered on the National Do-Not-Call Registry until

August, 2019, when that fact was discovered by his attorneys.

### E. Procedural History

In August, 2018, plaintiff filed a complaint against Boston Scientific for violation of the TCPA on behalf of a putative class of similarly situated individuals. Plaintiff moved to certify the class in June, 2019.  After convening a hearing on October 18, 2019, this Court denied plaintiff's motion.

## II.  <u>Plaintiff's Motion to Defer Ruling on Summary Judgment</u>

Plaintiff has moved to deny or defer ruling on defendant's motion for summary judgment pending additional discovery under Federal Rule of Civil Procedure 56(d).

In December, 2018, this Court entered an order bifurcating discovery into two phases.  Phase I, which is complete, was limited to issues concerning class certification and whether Boston Scientific's calls were health care messages or solicitations.  Phase II discovery covers any remaining issues and commenced after the Court resolved plaintiff's motion for class certification.

Plaintiff asserts that Boston Scientific is seeking summary judgment with respect to issues outside the scope of Phase I discovery and, as a result, he lacks a sufficient factual basis to respond.

Under Federal Rule of Civil Procedure 56(d), if a non-moving party shows that "for specified reasons" it cannot present essential facts to justify its opposition to summary judgment, the court may:

1) defer considering the motion or deny it;

2) allow time to obtain affidavits or declarations or to take discovery; or

3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Plaintiff provides seven specific topics on which it contends discovery is necessary to oppose summary judgment adequately.  Defendant responds that it has produced all requested discovery relating to its summary judgment motion which covers only plaintiff's individual claims.

The Court concludes that, with respect to each of the topics identified by plaintiff, defendant has either completely responded to discovery requests or the topic relates to class rather than individual issues.  Specifically, defendant has produced information relating to 1) the content of the calls to plaintiff; 2) how Boston Scientific obtained plaintiff's telephone number; 3) the content of the Seminar to which plaintiff was invited; and 4) Boston Scientific's reliance on the accuracy of the information provided by Spine Works.

Plaintiff has not demonstrated that there are "essential facts" upon which it requires additional discovery to oppose summary judgment on plaintiff's individual claims effectively.

### III. <u>Defendant's Motion for Summary Judgment</u>

#### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." <u>Mesnick</u> v. <u>Gen. Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991) (quoting <u>Garside</u> v. <u>Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." <u>Anderson</u> v. <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. <u>Celotex Corp.</u> v. <u>Catrett</u>, 477

U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

### B. Application

Defendant moves for summary judgment on the following grounds: 1) Count I fails because plaintiff did not receive Boston Scientific's calls on a residential line, 47 U.S.C. § 227(b)(1)(B), and Boston Scientific reasonably relied on the consent of the intended call recipient, 47 U.S.C. § 227(b)(1)(A); and 2) Count II fails because Boston Scientific's calls were not solicitations and, in any event, plaintiff did not register his number on the National Do-Not-Call Registry, 47 C.F.R. § 64.1200(c).

#### 1. Count I: TCPA Claims

##### a. Residential Landline TCPA Claim

The TCPA prohibits any person from calling a "residential telephone line" using a "prerecorded voice" without the party's prior express consent. 47 U.S.C. § 227(b)(1)(B).  Plaintiff

- 9 -

concedes that he received the calls from Boston Scientific on his cell phone and not a residential line.  Consequently, there is no genuine issue of material fact and summary judgment will be entered favor of defendant on plaintiff's claim under § 277(b)(1)(B).

### b. Reasonable Reliance Defense

Defendant contends that it cannot be held liable for calling plaintiff under the TCPA because when Boston Scientific called plaintiff's number, it reasonably relied on the consent it had previously obtained from S.B., the intended recipient. Plaintiff responds with four primary arguments: 1) reasonable reliance is not a valid defense under the TCPA; 2) Boston Scientific failed to plead reasonable reliance as an affirmative defense; 3) there is no evidence that S.B. consented to Boston Scientific's call; and 4) even if S.B. did consent, there is a disputed issue of material fact as to whether reliance on that consent was reasonable.

As to plaintiff's first argument, the parties disagree as to the standard of liability applied to claims under § 227(b)(1)(A) of the TCPA.  That statutory provision prohibits any person from using an

> automatic telephone dialing system or an artificial
> prerecorded voice [to call a cell phone without] prior
> express consent [of the] called party.

47 U.S.C. § 227(b)(1)(A).  In 2015, the FCC interpreted the TCPA as creating a "one-call" safe harbor that allowed callers to "reasonably rely" on prior express consent to avoid liability for a caller's first call to a reassigned number. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7971-72 (2015).

The District of Columbia Circuit Court of Appeals later rejected the "one-call" safe harbor as arbitrary and capricious. ACA International v. FCC, 885 F.3d 687, 705-06 (D.C. Cir. 2018). Shortly thereafter, the FCC issued a new order explaining that the D.C. Circuit's ruling did not question the FCC's authority to interpret the TCPA "not to demand the impossible of callers" and, as a response, established a comprehensive database that contains information regarding reassigned numbers. 33 F.C.C. Rcd. 12024 at ¶ 53.  Once operational, callers who utilize the database will not be liable for calling a reassigned number if the database fails to report the number as reassigned. Id.

The First Circuit Court of Appeals has not addressed this issue and the district courts in this Circuit and other circuits that have are split.  On the one hand, the text of the TCPA does not recognize a reasonable reliance defense and only considers a caller's intent in connection with the possibility of treble damages.  See, e.g., Jimenez v. Credit One Bank, N.A., 377 F.

- 11 -

Supp. 3d 324, 334 (S.D.N.Y. 2019); Echevvaria v. Diversified Consultants, Inc., No. 13 Civ. 4980, 2014 WL 929275, at *4 (S.D.N.Y. Feb. 28, 2014).  On the other hand, the FCC has interpreted the TCPA not to require the impossible of callers, such as knowing that a number has been reassigned.  See, e.g., Roark v. Credit One Bank, N.A., No. 16-173 (PAM/ECW), 2018 WL 5921652, at *8 (D. Minn. Nov. 13, 2018); AMP Auto., LLC v. B F T, LP, No. 17-5667, 2019 U.S. Dist. LEXIS 52793, at *8-*9 (E.D. La. Mar. 28, 2019).

Although the text of the TCPA does not provide for reasonable reliance, this Court finds persuasive the FCC's order emphasizing that the TCPA does not require the impossible of callers.  It is unclear what else, if anything, Boston Scientific could have done to ensure the numbers of the clinic patients had not been reassigned.  This Court declines to contravene the FCC's regulation by interpreting the TCPA as requiring callers to do what the competing expert reports in this case demonstrate is either impossible, or at least highly unreliable.  Boston Scientific reasonably relied on its partner clinics to provide an invitee list of current patients who had provided their contact information for health-care-related events and services.

With respect to plaintiff's second argument, defendant did not waive its reasonable reliance defense.  It previously asserted the consent of S.B. as a defense to plaintiff's TCPA claim.  The fact that defendant did not use the precise term "reasonable reliance" is immaterial because the doctrine is merely an application of the consent defense.

Plaintiff's third argument is that even if reasonable reliance is a defense under the TCPA, defendant cannot demonstrate that S.B. consented to be called by Boston Scientific.  For marketing calls, the defendant must demonstrate prior express written consent, but for healthcare calls only prior express consent is required.

Defendant's telephone calls qualify as healthcare calls because they concerned a product or service that was indisputably health related, were made on behalf of a health care clinic, and were related to the health needs of the intended recipient. See Zani v. Rite Aid Headquarters Corp., 246 F. Supp. 3d 835, 851 (S.D.N.Y. 2017).  Defendant, therefore, need only establish that S.B. provided "prior express consent." S.B. knowingly disclosed her phone number to Spine Works in the course of medical treatment which, in effect, constituted her permission to be contacted.  In the Matter of Rules & Regulations Implementing the TCPA, 7 FCC Rcd. 8752, 8769 ¶ 31

(1992); <u>In the Matter of Rules & Regulations Implementing the</u>
<u>TCPA</u>, 23 FCC Rcd. 559, 564 ¶ 9 (2008).  Accordingly, S.B.
consented to receive the calls.

Plaintiff's final argument is that even if S.B. did consent
to Boston Scientific's calls, there is a disputed issue of
material fact as to whether it was reasonable for Boston
Scientific to rely on that consent.  Plaintiff's contention is
unavailing because Boston Scientific's reliance on partner
clinics to provide the telephone numbers of patients they chose
to invite to the Seminars was reasonable.  Indeed, given the
difficulty and unreliability associated with matching telephone
numbers to subscribers, it is unclear what additional
investigation Boston Scientific could have reasonably been
expected to perform before calling the numbers provided by the
clinics.

### 2. Count II: Do-Not-Call Registry Claim

Defendant avers that plaintiff's Do-Not-Call Registry claim
fails because its calls to plaintiff were not "telephone
solicitations" and, in any event, plaintiff is not entitled to
relief because he did not register his number on the Do-Not-Call
Registry.

The TCPA prohibits "telephone solicitations" to a
"subscriber who has registered his or her number on the national

do-not-call registry." 14 C.F.R. § 64.1200(c)(2).  As outlined above, defendant's messages constitute healthcare messages and not solicitations.  It is undisputed that the messages received by plaintiff neither implicitly nor explicitly mention Boston Scientific's products or services.  The purpose of each call was to invite the intended recipient to a Seminar for pain management at which Boston Scientific products were sometimes mentioned but were not for sale.  Because the messages were healthcare messages and not "telephone solicitations", the Court need not determine whether an individual who is reassigned a number listed on the Do-Not-Call Registry is entitled to sue under the TCPA.

## ORDER

For the foregoing reasons,

    a. the motion of plaintiff Steven Sandoe for discovery (Docket No. 78) is **DENIED;** and

    b. the motion of defendant Boston Scientific Corporation for summary judgment (Docket No.  58) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 8, 2020